IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PATRICK ROAN, )
)
    Plaintiff, )
) NO. 3:18-cv-01342
v. ) JUDGE RICHARDSON
)
ALLIED UNIVERSAL, et al., )
)
    Defendants. )

## MEMORANDUM OPINION & ORDER

On April 2, 2020, Magistrate Judge Frensley issued a Report and Recommendation ("R&R") (Doc. No. 35), recommending that the Court grant Defendant Allied Universal's Motion for Summary Judgment. (Doc. No. 24). Plaintiff Patrick Roan, proceeding *pro se*, filed timely objections (Doc. No. 36, "Objections") to the R&R and Defendant responded to Plaintiff's Objections (Doc. No. 37, "Response"). Plaintiff has also filed a reply to Defendant's Response (Doc. No. 38). For the following reasons, Plaintiff's Objections will be overruled.[1]

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review de novo any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Objections must be specific; a general objection to the report and recommendation is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with

---

[1] The Court approves and adopts the background section as stated in the Magistrate Judge's R&R. (Doc. No. 35 at 1-6).

1

instructions." Fed. R. Civ. P. 72(b)(3). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151.

The Magistrate Judge concluded that Plaintiff's claims are barred by the doctrine of judicial estoppel. (Doc. No. 35 at 17-18). Specifically, he found that Plaintiff filed a Chapter 13 Bankruptcy Petition on April 7, 2015, for which a final decree was issued on September 8, 2015 (*In re Roan*, Ch. 13 Case No. 3:15-bk-02333 (Bankr. M.D. Tenn. Sept. 8, 2015)), and another Chapter 13 Bankruptcy Petition on June 25, 2015, for which a final decree was issued on May 14, 2019 (*In re Roan*, Ch. 13 Case No. 3:15-bk-04354 (Bank. M.D. Tenn. May 14, 2019)). (*Id.*). Although Plaintiff had knowledge of a potential discrimination claim against Defendants during the pendency of the bankruptcy proceedings, he failed to disclose this potential claim to the Bankruptcy Court at any time before the proceeding was terminated in May 2019. (*Id.*). Thus, Plaintiff's omission to the Bankruptcy Court bars Plaintiff from asserting his employment discrimination claims here. (*Id.*). Even if Plaintiff were not judicially estopped from pursuing his claim, the Magistrate Judge alternatively recommended dismissal because Plaintiff failed to establish a prima facie claim of race discrimination, sex discrimination, or retaliation in violation of Title VII or sex discrimination in violation of the Equal Pay Act. (*Id.* at 18).

Plaintiff's "objections" consist of 20 exhibits and, a few sentences at the top of each exhibit, not all of which the Court finds intelligible. (Doc. No. 36). However, Plaintiff has not set forth any specific objection to the Magistrate Judge's proposed factual findings and legal conclusions. As to the Magistrate Judge's finding that Plaintiff's claims are barred by judicial estoppel, Plaintiff filed "documents and Final Report" that supposedly "respond[] to *defendant's* Summary Judgment

filing on my Chapter 13 Bankruptcy case number 3:15bk02333." (Doc. No. 36-1 (emphasis added). He also filed "case number 3:15bk04354 Final Report." (*Id.*) Although the documents do show that Plaintiff's bankruptcy cases have been completed, this has no bearing on the Magistrate Judge's finding that Plaintiff's claims are barred by the doctrine of judicial estoppel. Indeed, the Magistrate Judge found that "it is undisputed that Plaintiff did not disclose any of his potential or pending employment discrimination claims, including this one, in his bankruptcy petitions or in his schedule of assets, nor did he inform the Bankruptcy Court of the existence of potential claims." (Doc. No. 35 at 17-18). Plaintiff does not challenge this finding. And because, as discussed above, the district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed, *Thomas*, 474 U.S. at 151, the Court will adopt the Magistrate Judge's finding that judicial estoppel applies and bars Plaintiff's instant suit.

Second, Plaintiff does not address the Magistrate Judge's finding that he cannot establish a prima facie case of race or sex discrimination or retaliation under Title VII or sex discrimination under the Equal Pay Act. The exhibits Plaintiff filed objecting to the R&R and the sentences accompanying each exhibit do not amount to a valid objection, as they neither state with particularity any specific portions of the R&R to which he is objecting nor explain how any document supports the basis of an objection. *See* Local Rule 72.02(a) (stating that objections "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made, and must be accompanied by sufficient documentation ... to apprise the District Judge of the bases for the objections."); *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). Although the Court acknowledges that Plaintiff is proceeding *pro se*, that does not obligate the

3

Court to consider non-specific objections (to the extent anything in the response could even be considered an objection) buried within Plaintiff's filings. *See U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (explaining that "[j]udges are not like pigs, hunting for truffles" in the record). The Court gathers that Plaintiff maintains that he has been wronged and believes that the documents he has filed, and his handwritten remarks accompanying them, explain how he has been wronged. The Court does not begrudge him his position in this regard, but Plaintiff's position, such as it is, is simply not responsive to the bases set forth in the R&R to dismiss his claims. Accordingly, Plaintiff's Objections will be overruled.

For the aforementioned reasons, the Court **ADOPTS** and **APPROVES** the R&R (Doc. No. 35). Defendant's Motion for Summary Judgment (Doc. No. 24) is hereby **GRANTED**. This is the final Order denying all relief in this case. The Clerk is directed to enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE